IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 19-cr-533 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 31, 35] |
| v. | : | |
| | : | |
| HOMER PADGETT, III, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On March 14, 2022, Defendant Homer Padgett, III filed a pro se motion asking this
Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant is
incarcerated after having pled guilty in November 2019 to being a felon in possession of a
firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] He is currently scheduled to
be referred to a halfway house sometime in January 2023, approximately nine to ten
months ahead of his October 10, 2023 release date.[2]

On March 28, 2022, the Court appointed a public defender for Defendant. On
September 9, 2022, the public defender filed a supplement to Defendant Padgett's motion.
A week later, the government filed its opposition to Padgett's motion.  Padgett has filed a
reply.

For reasons detailed below, the Court **DENIES** Defendant's request for
compassionate release.

## I.    BACKGROUND

---

[1] Doc. 13.
[2] Doc. 35 at PageID #: 261.

Case No. 19-cr-533
GWIN, J.

On September 24, 2020, the Court sentenced Padgett to 57 months of imprisonment with credit for time served followed by three years of supervised release.[3]

On November 24, 2021, Padgett filed a request for Compassionate Release/Reduction in Sentence with the Bureau of Prisons citing medical concerns related to the COVID-19 pandemic and the economic strain that his absence had caused his girlfriend and their young children.[4] The Bureau denied his request.[5]

Having exhausted his administrative remedies, on March 14, 2021, Padgett filed a pro se new motion for Compassionate Release.

## II. DISCUSSION

### A. Legal Standard

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[6] However, under 18 U.S.C. § 3582(c)(1)(A), a district court may, in certain circumstances, reduce a term of imprisonment based on a request for compassionate release.

When a defendant brings a compassionate-release motion, the court engages in a two-step analysis. First, the court must decide "whether extraordinary and compelling reasons warrant a sentence reduction."[7] There is no set definition of "extraordinary and compelling," and district courts have discretion to determine when the condition has been

---

[3] Doc. 28.
[4] Doc 31-2 at PageID #: 248.
[5] *Id.*
[6] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[7] *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (quotation marks omitted).

Case No. 19-cr-533
GWIN, J.

met.[8]

Second, the court must consider "any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction [...] is warranted in whole or in part under the particular circumstances of the case."[9]

### B. Analysis

#### 1. Extraordinary and Compelling Circumstances

Defendant argues that his circumstances are extraordinary and compelling because his fiancée lost her job in March 2022, leaving his children without a caregiver who can support them financially.[10] The government argues that, in keeping with the Sentencing Commission's Guidelines, Defendant's fiancée is still an adequate caregiver because she is not medically incapacitated or dead.[11]

Given the current extremely low unemployment rate and given the number of available job openings, it is nowhere clear that any unemployment should continue.

Because the Court finds that, on balance, the § 3553(a) sentencing factors weigh against Defendant's early release, it declines to reach the question of whether Defendant's circumstances qualify as extraordinary and compelling.[12]

#### 2. Sentencing Factors

The sentencing factors that the Court must consider include, inter alia, the nature and circumstances of the defendant's current offense, the history and characteristics of the

---

[8] *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 2771 (2022) ("A district court's conclusions on those issues are reviewed for an abuse of discretion.")

[9] *Id.* at 1108.

[10] Doc. 35 at PageID #: 258-259.

[11] Doc. 36 at PageID #: 282-283.

[12] *See United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021) (reaffirming that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking" without addressing the others.)

Case No. 19-cr-533
GWIN, J.

defendant, and the need for defendant's sentence to adequately deter criminal conduct and protect the public.[13] Additionally, "although rehabilitation cannot, alone, justify a reduction in sentence, it is relevant to whether a reduction is warranted."[14]

Defendant Padgett argues that the sentencing factors weigh in his favor because he has shown rehabilitation and because granting his motion would only hasten his release by a few months. Specifically, he points to the fact that he has zero disciplinary infractions and has completed drug abuse coursework as signs of his rehabilitation.[15] And if the Court were to order is his release to a reentry program now, in November 2022, he would only leave prison around two months ahead of schedule, as he is due to transition to a reentry program in January 2023.

But the Court has serious concerns about Defendant's history of reoffending soon after being released. While any effort at rehabilitation is commendable and the Court encourages Defendant to continue his efforts, Defendant has fifteen prior convictions and a history of violating the terms of his probation.[16] He has prior violent crime convictions, including for assault on a Peace Officer.[17] In light of that history and the serious nature of his current offense, the Court is not persuaded that releasing Defendant early would adequately deter him from future criminal conduct or keep the public safe.

   III.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant Padgett's motion for compassionate release.

---

[13] 18 U.S.C. § 3553(a).
[14] *United States v. McDonald*, 2020 WL 3166741, at *8 (W.D. Tenn. June 8, 2020).
[15] Doc. 35 at PageID #: 260.
[16] Confidential Sentencing Report, Doc. 22 at PageID #: 137.
[17] *Id.*

Case No. 19-cr-533
GWIN, J.

IT IS SO ORDERED.


Dated: November 3, 2022                    _s/      James S. Gwin_
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE